UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mickeal L. Joe,<br>*a/k/a* Michael L. Joe,<br>*a/k/a* Michael Larron Joe,<br><br>                     Petitioner,<br><br>vs.<br><br>Warden, Perry Correctional Institution,<br><br>                     Respondent. | ) C/A No. 9:14-4434-TLW-BM<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        Petitioner, Mickeal L. Joe, a/k/a Michael L. Joe, a/k/a Michael Larron Joe, a state prisoner at the Perry Correctional Institution, a part of the South Carolina Department of Corrections, has filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2254. In this Petition, Petitioner is challenging his September 15, 2004 conviction for assault on an employee of a correctional facility, for which he was sentenced to five years imprisonment to run consecutive to a sentence he was already serving. See Petition, ECF No. 1 at 1.

        Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by



attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

**Discussion**

Petitioner previously filed a petition for writ of habeas corpus in this Court challenging the same conviction and sentence he is challenging in the above-captioned matter. That previous habeas petition was dismissed with prejudice by order of the Honorable Terry L. Wooten, Chief United States District Judge, because it was not filed within the one-year limitation set forth in 28 U.S.C. § 2244(d), the petitioner was not entitled to equitable tolling, and even if he was entitled to equitable tolling the petition was subject to dismissal because his claims were without merit. See Joe v. Padula, 9:11-1090-TLW-BM, 2012 WL 2325662 (D.S.C. June 19, 2012).[1]

---

[1] A federal court may take judicial notice of the contents of its own records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].

2



Therefore, the Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court.[2] See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].[3]

Petitioner appears to be attempting to bring this successive petition on the grounds that he "recently discovered" the trial court did not have subject matter jurisdiction based on an alleged deficient state grand jury indictment. See ECF No. 1 at 6, 13. However, as previously noted, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] and the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A)

---

[2]The dismissal of a § 2254 petition as untimely constitutes a consideration of that petition "on the merits," so that any subsequent petition filed by the same petitioner challenging the same underlying state conviction and sentence is deemed successive, and, thus, requires permission from the applicable court of appeals. See, e.g., McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ["We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)]; Murray v. Grenier, 394 F.3d 78, 81 (2d Cir. 2005)["We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."]; Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128–29 (10th Cir. 1991)[holding that "a dismissal on limitations grounds is a judgment on the merits"]; Griffin v. Padula, 518 F.Supp.2d 680, 687 (D.S.C. 2007)[a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive].

[3]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

[4]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing



3

9:14-cv-04434-TLW     Date Filed 12/08/14    Entry Number 8     Page 4 of 6

provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[5]  See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

There is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition.  Consequently, this Court has no jurisdiction to consider the instant Petition.  See United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003); In re Williams, 444 F.3d at 236-37 (4th Cir. 2006).

---

of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000).  Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested, not the district court.  A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219.  "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

[5]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

4



**Recommendation**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.  See <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656 (4th Cir. 2006)[district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December  8 , 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

6

